ROTHENBERG, Judge.
The defendant, Enrique Castro, appeals the trial court’s denial of his motion to correct sentencing errors filed pursuant to Florida Rule of Criminal Procedure 3.800(a), and his motion for rehearing. As we conclude that the defendant’s motions in case numbers 00-37367 and 01-19726 are well-taken, we reverse as to those two cases and remand for proceedings consistent with this opinion. As to case number 04-12225 the record conclusively refutes the defendant’s claims. We, therefore, affirm the trial court’s orders in that case.
On May 25, 2001, the defendant pled guilty to the charges in case number GO-37367 and was sentenced to probation. While on probation, the defendant committed several new criminal offenses which resulted in the filing of an affidavit for violation of probation in ease number 00-37367 and a new information charging him with these new offenses in case number 01-19726.
On August 9, 2001, the defendant entered a plea of guilty to the charges in case number 01-19726; admitted to violating his probation in case number 00-37367; was adjudicated guilty of the charges in both cases; and was sentenced to two years prison followed by three years of probation on each case. The trial court ordered that the sentences run concurrent and that the defendant receive forty-seven days credit for the time served as to each case.
After completing the incarcerative portion of his sentences, and while still on probation in both cases, the defendant was arrested and charged with robbery and resisting without violence in case number 04-12225; affidavits for violation of probation were filed; and the State filed a motion to seek an enhanced penalty as an habitual violent offender in case number 04-12225.
On October 6, 2004, the defendant pled guilty to the new charges and admitted to violating his probation in the two probation cases and received a sentence of five years prison on each (00-37367 and 01-19726) and five years prison as an habitual violent offender in case number 04-12225. Each sentence was ordered to run concurrent. The plea colloquy reflects that the trial court awarded the defendant credit for time served in case number 04-12225, calculated from the day of his arrest on April 20, 2004, to October 6, 2004, the day of the defendant’s plea. In case numbers 00-37367 and 01-19726, the trial court ordered that the defendant receive credit for the two years he served in prison.
As the record reflects that the defendant received the correct credit for time served ordered by the trial court in case number 04-12225 (170 days), we affirm the denial *60 of the defendant’s 3.800(a) motion in that case.
It appears, however, that the defendant only received credit for 170 days, not two years as ordered by the trial court in case numbers 00-37369 and 01-19726. While the plea transcript reflects that the trial court awarded the defendant credit for two years on these two cases based upon the defendant’s counsel’s representations, which may be in conflict with the time the defendant actually served on the two-year sentences imposed, the trial court failed to attach anything to its order that reflects either its investigation or findings on the issue. We, therefore, reverse and remand for proceedings consistent with this opinion in case numbers 00-37367 and 01-19726.
Case number 04-1225, affirmed.
Case numbers 00-37367 and 01-19726 reversed and remanded.